WRIGHT, comptroller-general, *et al. v.* THE CENTRAL RAILROAD AND BANKING COMPANY OF GEORGIA *et al.*

The tax called a license, imposed on "every railroad company that pulls over its road sleeping-cars of any person or corporation, upon which taxes are not paid," etc., "for pulling such cars in each of the years 1889 and 1890," by an act approved November 12th, 1889, is not collectible by execution in whole or in part before the first of October next after the passage of the act, the language as to default and execution being that "if any railroad company shall fail to pay the license herein provided for, on or before the first day of October in each year, the comptroller-general shall issue execution against such defaulting company," etc. It follows that whether the tax be valid or invalid, there is no good reason for reversing the judgment granting an injunction to restrain the collection of such tax for the year 1889 by virtue of an execution issued by the comptroller-general on the 16th of December, 1889, such execution having been issued prematurely.
    July 7, 1890.

Injunction. Railroads. Taxation. Before Judge MILLER. Bibb county. At chambers, April 3, 1890.

Reported in the decision.

CLIFFORD ANDERSON, attorney-general, for plaintiff in error.

LAWTON & CUNNINGHAM and R. F. LYON, *contra.*

BLECKLEY, Chief Justice.

On the 16th of December, 1889, the comptroller-general issued an execution against each of two railroad companies, basing it on the act approved November 12th, 1889 (Acts 1889, p. 34), for $300.00 as the license tax of the company for the year 1889, assessed against it for pulling over its road sleeping-cars upon which taxes had not been paid, and the further sum of $500.00 as a penalty for failing to return and pay said tax. These executions being levied, the judge of the superior court, upon the joint petition of the two companies, granted a temporary injunction restraining the enforcement and collection of the same. The grounds for injunction taken in the petition were: (1) that the act of 1889 is unconstitutional, because retroactive; (2) that it is void because not imposing a tax upon business or property, but a penalty for the failure, not of the petitioners, but of other persons to give in and pay taxes upon sleeping-cars, the hauling of which cars was, under the law, a duty required of the petitioners; (3) that it is void for conflict with the constitution of the United States, because the sleeping-cars in question were engaged in the conduct of interstate commerce, and the hauling of them was done in carrying on such commerce and not otherwise, the passengers carried being in the act of traveling through the State of Georgia, from one State on its borders to another.

These questions are less easy of decision than another which arises upon the face of the act, and which, though directly involved, has not been formally made or discussed. It is manifest that the executions issued prematurely, the language of the act as to default and execution being, that "if any railroad company shall fail to pay the license herein provided for on or before the first day of October in each year, the comptroller-general shall issue execution against such defaulting

company," etc. Doubtless the legislature overlooked the fact that the first of October in one of the years for which the tax was imposed, had already passed when the act became a law. But inasmuch as no company, as the words of the act stand, can be in default until it shall have enjoyed the opportunity up to the first day of some October to comply with the requirements of the act, and as no execution can issue until after default, the earliest time for issuing execution legally will not arrive until October, 1890. This being so, whatever merit or demerit there may be in the points presented by the petition, there is no good reason for reversing the judgment granting an injunction. The executions are utterly void, and a sale made under them would pass no title; consequently any further attempt to enforce them would be useless and might be mischievous. As this ruling will dispose finally of the case, it would be idle to concern ourselves for the present with any other question.                    *Judgment affirmed.*